# PLAINTIFFS' EXHIBIT 2

## Settlement Agreement and Release

---

***Tracy Davis,***
***Individually and On Behalf of***
***All Others Similarly Situated,***

***v.***

***Birchbox, Inc.***

Lead Case No. 3:15-00498-BEN-BGS

**AND**

***Tiffany Lapuebla***
***Individually and On Behalf of***
***All Others Similarly Situated,***

***v.***

***Birchbox, Inc.***

Consolidated with
Case No. 3:15-00214-BEN-BGS

000001

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("*Agreement*" or "*Settlement Agreement*") is entered into between Plaintiffs Tracy Davis and Tiffany LaPuebla ("*Plaintiffs*"), individually and in their representative capacities as representatives of the putative Class, and Defendant Birchbox, Inc. ("*Birchbox*" or "*Defendant*") (collectively with Plaintiffs, "*Parties*," or any party singularly, "*Party*").

### RECITALS

A.     Birchbox is an online retailer that offers customers the opportunity to purchase cosmetics and other personal care products.  Among other things, Birchbox markets Men's and Women's Rebillable Subscriptions, structured on an Annual or Monthly basis, for the periodic deliveries of personal care products.

B.     On May 14, 2015, Plaintiffs filed a consolidated complaint ("*Complaint*") against Birchbox in the United States District Court for the Southern District of California entitled *Davis v. Birchbox, Inc.*, Lead Case No. 3:15-cv-00498-BEN-BGS ("*Action*").  Plaintiffs bring, among other things, the lawsuit individually and on behalf of a California state putative class based on a claim that Birchbox did not comply with the requirements of California Business and Professions Code sections 17600-17606 regarding disclosure, and securing a customer's affirmative consent and acknowledgement of automatic renewal offer terms and cancelation rights in connection with a customer's purchase of Defendant's services, memberships, subscriptions and/or other products.  Plaintiffs also assert related claims under California Business and Professions Code sections 17200 and 17535.

C.     The Parties have investigated the facts and have analyzed the relevant legal issues regarding the claims and defenses asserted in the Action.  The Parties have engaged in informal discovery, including disclosures regarding Birchbox's practices and online disclosures during the relevant time periods.

D.     Based on the Parties' investigation, Plaintiffs believe the Action has merit and Birchbox believes the Action has no merit.  The Parties also have each considered the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiffs or Birchbox.

E.     The Parties participated in mediation with Bruce Friedman, Esq. of JAMS on September 16, 2015, and participated in numerous follow-up calls and meetings.  The Parties thereby eventually reached a proposed settlement of this litigation.  The Parties negotiated the amount of the attorneys' fees and costs at arms' length and only after they reached an agreement on the major substantive terms of the settlement.

F.      Accordingly, it is now the intention of the Parties and the objective of this Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action asserted or that could have been asserted in the Action.

<div align="center">AGREEMENT</div>

1.      **DEFINITIONS.**  The following section defines terms not previously defined above. Some definitions use terms that are defined later in this section:

1.1     The terms *"Class"* includes all persons who disclosed a California billing address when ordering an Annual or Monthly Rebillable Subscription from Birchbox, including Men's and Women's Rebillable Subscriptions, and that automatically renewed at any time between January 1, 2011 and March 6, 2015.  *"Class Member"* or *"Class Members"* refer to persons who fall within the definition of the Class.  According to Birchbox's records, there are 138,606 Class Members who subscribed to the Woman's Rebillable Subscription and 9,309 Class Members who subscribed to the Men's Rebillable Subscription.

1.2     The term *"Class Counsel"* means the law firms of HammondLaw, P.C. and Kazerouni Law Group, APC.

1.3     The term *"Court"* means the United States District Court for the Southern District of California.

1.4     The terms *"Birchbox's Counsel"* and *"Defendant's Counsel"* means the law firm of Lowenstein Sandler LLP.

1.5     The term *"Fairness Hearing"* means the hearing at which the Court decides whether to approve this Agreement as a fair, reasonable, and adequate settlement.

1.6     The term *"Final Order and Judgment"* means a proposed order and judgment approving the Settlement of this Action.  The order submitted by the Plaintiffs with their motion for final approval of the settlement at the Fairness Hearing must be substantially similar to the form attached as Exhibit D.

1.7     The term *"Final Settlement Date"* shall mean the date two (2) Court days after:  (a) sixty-one (61) calendar days after the entry of the Final Order and Judgment, if no timely motions for reconsideration or no appeals or other efforts to obtain review have been filed including any appeals or efforts to obtain review of an attorneys' fees award or award of incentive compensation to the named plaintiffs, or (b) in the event that an appeal or other effort to obtain review has been initiated, the date sixty-one (61) calendar days after such appeal or other review have been finally concluded in favor of the Final Order and Judgment and the Final Order and Judgment is no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for certiorari, or otherwise.

1.8     The term *"Internet Posting"* means a website set up by the Settlement Administrator for the sole purpose of providing the Class with notice of the proposed settlement.

000003

**1.9**    The term *"Long-Form Notice"* means the legal notice of the proposed settlement terms, as approved by Class Counsel, Defendant's Counsel, and the Court, to be provided to Class Members under paragraph 3.3. The Long-Form Notice submitted by the Plaintiffs to the Court for preliminary approval must be substantially similar to the form attached as Exhibit B.

**1.10**    The terms *"Preliminary Approval and Provisional Class Certification Order"* and *"Preliminary Approval Order"* mean a proposed order preliminarily approving the settlement of this Action and provisionally certifying the Class. This order proposed by the Plaintiffs to the Court must be substantially similar to the form attached as Exhibit A.

**1.11**    The term *"Email Notice"* means the legal notice summarizing the proposed settlement terms, as approved by Class Counsel, Defendant's Counsel, and the Court, to be provided to Class Members under section 3.3 by email. The Email Notice proposed by the Plaintiffs to the Court for preliminary approval must be substantially similar to the form attached as Exhibit C.

**1.12**    The term *"Settlement Administrator"* means Dahl Administration and any successors to that entity that Birchbox may subsequently designate, with notice to and consent from Plaintiffs (whose consent will not be unreasonably delayed or withheld), to administer the claims process provided for in the Agreement.

2.    **SETTLEMENT TERMS.**

**2.1    Relief Provided to the Settlement Class.** Each Class Member who does not seek exclusion pursuant to section 3.6 below will receive a credit good for the purchase of future products or subscriptions from Birchbox through the Birchbox.com website. Class Members who subscribed to the Women's Rebillable Subscription (Annual or Monthly) will receive a $10 credit each, and Class Members who subscribed to the Men's Rebillable Subscription (Annual or Monthly) will receive a $20 credit each.

(a)    **Manner of Transmission of the Credit.** These credits shall be provided to Class Members by email, distributed by the Settlement Administrator, providing codes that Class Members may utilize on Birchbox.com to purchase products or pay for subscriptions. The credits shall be provided in two equal amounts, to be used separately; specifically, two $5 credits for Women's Rebillable Subscription Class Members and two $10 credits for Men's Rebillable Subscription Class Members.

(b)    **Nature of the Credits.** These credits shall be one-use only (unused balances cannot be carried to future purchases) and non-transferrable.

(c)    **Timing of Transmission of the Credit.** Credits shall be emailed to Class Members by the Settlement Administrator on or before twenty (20) calendar days after the Final Settlement Date.

000004

(d) **Time to Utilize Credits.** Class Members shall have one (1) year from when the credits are first emailed to the Class Member within which to utilize the credits.

(e) **Bounced Back or Non-delivered Emails.** In the event that an email providing a credit is bounced back or otherwise not delivered, the Settlement Administrator shall send one notice and request to cure by email to the email address used to send the Email Notice referenced in Section 3.3. The notices and requests for cures must be sent at the earliest possible convenience, and in no event later than forty (40) calendar days after the Final Settlement Date. The Class Member shall then have two (2) weeks from the date the notice referenced in this Section 2.1(d) is provided to contact the Settlement Administrator with updated information.

**2.2    Business Practices.**

(a) For eighteen (18) months after the entry of the Preliminary Approval Order, Birchbox will implement the following business practices:

(i) **Content.** The disclosures in the purchase flow for Birchbox's Women's and Men's Rebillable Subscriptions that automatically renew shall state:  (i) that the subscription will continue until the consumer cancels, (ii) a description of the cancellation policy that applies to the offer, (iii) that recurring charges will be charged to the consumer's credit or debit card, and (iv) the length of the automatic renewal term.  Language that is substantially similar to the language included in this subsection 2.2(a) shall be sufficient to comply with this paragraph.

(ii) **Location.** The disclosures identified in subsection 2.2(a) shall be presented before the customer's credit or debit card is charged and in visual proximity to the request for the consumer to consent to purchase the Women's or Men's Rebillable Subscriptions.

(iii) **Prominence.** The disclosures identified in subsection 2.2(a) shall be in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language.

(iv) **Website Terms and Conditions.** The disclosures identified in subsection 2.2(a) shall also appear in the Birchbox website Terms and Conditions.

(v) **Assent.** Before the customer's credit or debit card is charged, a customer will be required to affirmatively consent to the Birchbox website's Terms and Conditions.

-4-

    **(vi)**   **Acknowledgement.** Birchbox shall provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, Birchbox shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

**(b)**    Attached to this agreement as Exhibit E is a copy of the Birchbox purchase flow for monthly subscriptions, that is sufficient to comply with Section 2 of this Settlement Agreement, and that will be utilized by Birchbox within forty-five (45) days of the entry of the Preliminary Approval Order.

**(c)**    This Settlement Agreement and any of Birchbox's changes in policies, practices, and procedures does not impose any obligations on Birchbox beyond the requirements of California Business and Professions Code section 17600 *et seq*. Further, to the extent there is any change in federal or state law (either by statutory or regulatory amendment or by court opinion) regarding the subject matter of Section 2.2, Birchbox is permitted to amend its practices and procedures to parallel such change in federal or state law. Finally, this Settlement Agreement in no way requires [1] Birchbox to continue to sell merchandise to the public or operate a website; or [2] to continue to use the mock up attached as Exhibit E, so long as any changes Birchbox makes to its website are not contradictory to the terms within Section 2 of this Settlement Agreement.

**(d)**    Defendant acknowledges that the aforementioned amendments to its enrollment processes and the Birchbox website's Terms and Conditions that highlight and clarify the recurring nature of its membership and its cancellation policy are made as a result of this Action.

**2.3**    **Attorneys' Fees and Costs.**

**(a)**    Payment of attorneys' fees and costs to Class Counsel is subject to Court review and approval. Birchbox agrees not to oppose Class Counsel's application for attorneys' fees and costs of up to $300,000. Birchbox shall not have any responsibility or liability for paying attorney's fees in excess of this amount. Plaintiffs, Class Counsel, and all the signatories hereto agree not to petition the Court for more than $300,000 total for attorneys' fees and costs, and further represent and warrant that they are aware of no other attorneys or law firms that would have a basis to apply for fees here apart from the signatories to this Agreement. Class Counsel will file any papers supporting its request for attorneys' fees and costs with the Court at least fourteen (14) calendar days prior to the deadline for Class Members

-5-

to object to the Settlement, as such deadline is defined in Section 3.8 below.

**(b)** If the Court approves the Settlement of this Action and a payment of attorneys' fees and costs to Class Counsel, and subject to Section 2.3(c), below, Birchbox agrees to pay the fees and costs award approved by the Court up to a maximum of $300,000. Birchbox shall cause the payment to be made to HammondLaw, PC within five (5) business days after the Final Settlement Date. Class Counsel agrees to provide Birchbox with its executed W-9 Form at least fifteen (15) calendar days before any payment to it under this paragraph is due.

**(c)** HammondLaw, PC shall have control over and responsibility to distribute any payment of fees and costs to any other attorney or law firm that may claim entitlement to fees and costs under this settlement or as a result of the Action.

**2.4    Incentive Award to Plaintiffs.** Payment of an incentive award to Plaintiffs is subject to Court review and approval. Birchbox agrees not to oppose Plaintiffs' application for an incentive award of up to $2,500 for each Plaintiff. Birchbox shall not have any responsibility or liability for paying incentive awards in excess of this amount. Plaintiffs and Class Counsel agree to not petition the Court for an incentive award of more than $2,500 for each Plaintiff. If the Court approves the Settlement of this Action and an incentive award to Plaintiffs, Birchbox agrees to pay the incentive award approved by the Court up to $2,500 to each Plaintiff within five (5) business days after the Final Settlement Date or the date each Plaintiff provides Birchbox with their executed W-9 Form, whichever is later. Plaintiffs contend such payment is made in recognition of the Plaintiffs' efforts and activities in furtherance of both the litigation of this Action and its ultimate resolution.

**2.5    Settlement Implementation Costs.** Birchbox will pay all reasonable settlement administration costs and the cost of providing notice of the proposed settlement to the Class.

**2.6    Reduction in Plaintiffs' Incentive Award or Class Counsel's Attorneys' Fees or Costs.** A reduction by the Court or by an appellate court of the attorneys' fees or costs sought by Class Counsel or the incentive award sought by Plaintiffs shall not affect any of the Parties' other rights and obligations under this Settlement Agreement.

**3.    CLASS SETTLEMENT PROCEDURES.**

**3.1    Cooperation to Obtain Court Approval.** The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Agreement and settlement.

**3.2    Preliminary Approval and Provisional Class Certification.** As soon as practicable after this Agreement is signed, Plaintiffs must apply for preliminary approval of the class action settlement and provisional class certification. The application must ask the Court to:

-6-

(a)     preliminarily approve this Agreement as being within the range of possible approval as fair, reasonable, and adequate;

(b)     preliminarily approve the form, method of providing notice and content of the Long-Form Notice and Email Notice described in paragraph 3.3 and attached as Exhibits B and C;

(c)     stay all proceedings in the Action until the Court renders a final decision on approval of the settlement;

(d)     set the date and time of the Fairness Hearing between one hundred and ten (110) and one hundred and twenty-five (125) calendar days after entry of the Preliminary Approval Order, subject to the Court's availability;

(e)     provisionally certify the Class under Federal Rule of Civil Procedure 23 for settlement purposes only;

(f)     appoint Plaintiffs as class representatives for settlement purposes only; and

(g)     appoint the law firms of HammondLaw, PC, Kazerouni Law Group, APC, Berman DeValerio, and Hyde & Swigart, APC, as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as Exhibit A. Class Counsel must draft the application papers and give Defendant's Counsel drafts of the application and proposed order to review at least seven (7) calendar days before the filing deadline. Birchbox shall be permitted, but not required, to file its own brief in support of the Preliminary Approval Order. If Birchbox does not file such a brief, it shall be presumed that Birchbox supports or does not oppose the granting of preliminary approval of the settlement.

      **3.3**    **Notice.** Subject to the Court entering the proposed Preliminary Approval Order in the form attached as Exhibit A, the Parties agree that the Settlement Administrator will provide the Class with notice of the proposed Settlement by the following methods.

(a)     **Class Data.** No later than ten (10) calendar days after entry of the Preliminary Approval Order, Birchbox shall provide Email addresses for all Class Members to the Settlement Administrator.

(b)     **Internet Posting.** Starting no later than thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator will operate a website solely for the purposes of providing the Class notice of the Settlement. The Internet Posting will contain the Long-Form Notice, the Complaint, and the Preliminary Approval Order. Within five (5) calendar days after Plaintiffs or Class Counsel files the motion for attorneys' fees and costs, the Internet Posting will also post the fees and

000008

costs motion. The Long-Form Notice will be substantially similar to the form attached as Exhibit B.

(c)    **Notice.** Upon the Internet Posting being activated, and no later than thirty-seven (37) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send the Email Notice to Class Members at the most recent email address for the Class Members that is contained in Birchbox's records. The Settlement Administrator shall send the Email Notice a second time to Class Members at the most recent email address for the Class Members that is contained in Birchbox's records within twenty (20) calendar days after the first Email Notice is sent. The Email Notice will be substantially similar to the form attached as Exhibit C, and will provide the web address of the Internet Posting and a mailing address to contact the Settlement Administrator. For those e-mails that bounce back, the Settlement Administrator shall mail a postcard to the most recent mailing address for the Class Members that is contained in Birchbox's records. If the postcard is returned without a forwarding address, the Settlement Administrator will immediately conduct a standard skip trace in an effort to ascertain the current address for the particular Class Member and resend the postcard within 3 days of its return.

    **3.4    Proof of Notice.** No later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment, the Settlement Administrator must serve a declaration(s) on Class Counsel and Birchbox confirming that the Settlement Administrator provided the Class with notice of the proposed settlement in accordance with paragraph 3.3.

    **3.5    Objections.** Any Class Member who has not requested exclusion from the Class and who wants to object to the Settlement Agreement must mail a written objection to Class Counsel and Defendant's Counsel, no later than ninety (90) calendar days after entry of the Preliminary Approval Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. Written objections must include: (a) the name and case number of the Action, "*Davis v. Birchbox, Inc.,* United States District Court, Southern District of California, Civil Action No. 3:14-cv-00498-BEN-BGS"; (b) the full name, address, email address, and telephone number of the person objecting; (c) the words "Notice of Objection" or "Formal Objection," and (d) in clear and concise terms, the legal and factual arguments supporting the objection, including an attestation, under the penalty of perjury, of facts demonstrating that the person objecting is a Class Member. Any Class Member that mails a written objection as described in this paragraph has the option to appear at the Fairness Hearing, either in person or through counsel hired at the Class Member's expense, to object to the Settlement Agreement, as long as the Class Members or their attorneys intending to make an appearance at the Fairness Hearing so indicated in their objection under a heading of "Notice of Intent to Appear." Only Class Members who timely mail objections containing Notices of Intent to Appear may speak at the Fairness Hearing. Class Members who fail to submit written objections as described in this paragraph will be deemed to have waived any objections and will be foreclosed from making any objections (whether by a subsequent objection, intervention,

-8-

appeal, or any other process) to the Agreement and the Class Member asserting such an objection shall be bound by the final determination of the Court.

      **3.6    Exclusion Requests.** Class Members may elect not to be part of the Class and not to be bound by this Agreement. To make this election, Class Members must send a letter or postcard to the Settlement Administrator stating (a) the name and case number of the Actions, "*Davis Birchbox, Inc.,* United States District Court, Southern District of California, Civil Action No. 3:14-cv-00498-BEN-BGS"; (b) the full name, address, email address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than ninety (90) calendar days after entry of the Preliminary Approval Order.

      **(a)    Exclusion List.** The Settlement Administrator must serve on Birchbox and Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than ten (10) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment.

      **(b)    Termination of Agreement.** Despite this Agreement, if more than five percent (5%) of Class Members request exclusion, then Birchbox may, in its sole discretion, at any time before the Fairness Hearing, notify Class Counsel in writing that it has elected to terminate this Agreement. If this Agreement is terminated, it will be deemed null and void *ab initio*. In that event: (i) the Preliminary Approval Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Agreement's execution date; and (iii) no term or draft of this Agreement, or any part or aspect of the Parties' Settlement discussions, negotiations, or documentation will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

      **3.7    Final Order and Judgment.** Before the Fairness Hearing, Plaintiffs must apply for Court approval of a proposed Final Order and Judgment, substantially similar to the form attached as Exhibit D. Class Counsel must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class. Class Counsel must also draft the motion for final approval or application papers and provide Defendant's Counsel with drafts of the motion or application and proposed order to review at least seven (7) calendar days before the filing deadline. Birchbox shall be permitted, but not required, to file its own brief in support of the Final Order and Judgment. If Birchbox does not file such a brief, it shall be presumed that Birchbox supports or does not oppose the granting of final approval of the settlement.

      **3.8    Action Status if Settlement Not Approved.** This Agreement is being entered into for settlement purposes only. If the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Agreement that are not acceptable to all Parties, or if the Court does not approve the settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any

reason, then this Agreement will be deemed null and void *ab initio*. In that event (a) the Preliminary Approval Order and/or Final Order and Judgment and all of its or their provisions will be vacated by its or their own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiffs as class representatives and conditional appointment of Plaintiffs' Counsel as Class Counsel, (b) the Action will revert to the status that existed before the Agreement's execution date, and (c) no term or draft of this Agreement, or any part of the Parties' Settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, Birchbox shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

4.    **ENTRY OF JUDGMENT AND RELEASES.**

   4.1    **Judgment and Enforcement.** The Parties agree that should the Court grant final approval of the proposed settlement and enter judgment, the judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of the judgment.

   4.2    **Class Members' Release.** Upon entry of the Final Order and Judgment following the Fairness Hearing, all Class Members who have not timely requested exclusion pursuant to Section 3.6, and each of their successors, assigns, heirs, and personal representatives, release and forever discharge Birchbox, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent related to or arising out of the claims, causes of action or demands that (a) were asserted in the Action, or (b) that arise from or are related to this Action or are reasonably related to any of the allegations in Plaintiffs' Consolidated Complaint, even if such claims were not asserted in this Action, including claims for alleged fraud in the sale of periodic subscriptions and alleged failures in relation to obtaining Class Members' affirmative consent to an agreement containing automatic renewal terms. To the fullest extent permitted by law, the Plaintiffs and the settling Class Members agree not to commence or participate in any claim, demand, grievance, action, or other proceeding based upon the claims being released.

   4.3    **Named Plaintiffs' Release.** Upon entry of the Final Order and Judgment following the Fairness Hearing, Plaintiffs, and each of their successors, assigns, legatees, heirs, and personal representatives release and forever discharge Birchbox, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former

000011

directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Plaintiffs, and each of Plaintiffs' successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs fully understands that the facts on which the Agreement is executed may be different from the facts now believed by Plaintiffs' and her counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that the Agreement will remain effective despite any difference in facts. Further, Plaintiffs agrees that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the settlement would not have been accepted.

## 5. ADDITIONAL PROVISIONS.

**5.1    Birchbox's Denial of Wrongdoing.** This Agreement reflects the Parties' compromise and Settlement of the disputed claims. Its provisions, and all related drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession of' any point of fact or law regarding wrongdoing by Birchbox, or matters respecting class certification, by any person or entity and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of any such admission or concession.

**5.2    Change of Time Periods.** All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class. The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any provisions of this Agreement.

**5.3    Real Parties in Interest.** In executing this Agreement, the Parties warrant and represent that they, including Plaintiffs in their representative capacities on behalf of the Class, are the only persons having any interest in the claims asserted in this Action. Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.4    Voluntary Agreement.** The Parties executed this Agreement voluntarily and without duress or undue influence.

000012

**5.5    Binding on Successors.**  This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

**5.6    Parties Represented by Counsel.**  The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Agreement; (b) they have read this Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Agreement and its legal effect.

**5.7    Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.8    Entire Agreement.**  This Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement.

**5.9    Construction and Interpretation.**  Neither a Party nor any of the Parties' respective attorneys will be deemed the drafter of this Agreement for purposes of interpreting any provision in this Agreement in any judicial or other proceeding that may arise between them. This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.10    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.11    Exhibits.**  The exhibits to this Agreement are integral parts of the Agreement and Settlement and are incorporated into this Agreement as though fully set forth in the Agreement.

**5.12    Modifications and Amendments.**  No amendment, change, or modification to this Agreement will be valid unless in writing signed by the Parties or their counsel.

**5.13    Privilege Retained.**  Nothing in this Agreement, the negotiations, and the mediation relating thereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including without limitation the attorney-client privilege or work product immunity, by any Party.

**5.14    Governing Law.**  This Agreement is governed by California law and must be interpreted under California law and without regard to conflict of laws principles.

-12-

**5.15    Grammar.**  The neuter form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice versa.

**5.16    Further Assurances.**  The Parties must execute and deliver any additional papers, documents, and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Agreement and to carry out this Agreement's expressed intent.

**5.17    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Agreement.

**5.18    Execution Date.**  This Agreement is deemed executed on the date the Agreement is signed by all of the undersigned.

**5.19    Counterparts.**  This Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitute one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies and PDFs of executed copies of this Agreement may be treated as originals.

**5.20    Recitals.**  The Recitals are incorporated by this reference and are part of the Agreement.

**5.21    Severability.**  If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement or, if that proves unavailing, either Party can terminate the Agreement without prejudice to any Party.

**5.22    Inadmissibility.**  This Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction.  Further, neither this Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Order and Judgment.

**5.23    No Conflict Intended.**  Any inconsistency between this Agreement and the attached exhibits will be resolved in favor of this Agreement.

**5.24    List of Exhibits:**  The following exhibits are attached to this Agreement:

Exhibit A - [Proposed] Preliminary Approval Order

Exhibit B - Long-Form Notice

000014

Exhibit C - Email Notice

Exhibit D - [Proposed] Final Order and Judgment

Exhibit E - Revised Check Out Flow for Birchbox Website

000015

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: January _____, 2016

_____
Tracy Davis

Dated: January _____, 2016

_____
Tiffany LaPuebla

HAMMONDLAW, P.C.

Dated: January _____, 2016

By: _____
    Julian Hammond, Esq.
    Attorneys for Plaintiffs

KAZEROUNI LAW GROUP, APC

Dated: January _____, 2016

By: _____
    Abbas Kazerounian, Esq.
    Attorneys for Plaintiffs

BERMAN DEVALERIO

Dated: January _____, 2016

By: _____
    Todd Seaver
    Attorneys for Plaintiffs

HYDE & SWIGART, APC

Dated: January _____, 2016

By: _____
    Joshua B. Swigart, Esq.
    Attorney for Plaintiffs

BIRCHBOX, INC.

Dated: January _____, 2016

By: _____
Title: _CRAIG M. ABBATE_
    GENERAL COUNSEL
    + CORP. SECRETARY

-15-

The Parties have agreed to the terms of this Agreement and have signed below.

2/2/2016

Dated: January _____, 2016

DocuSigned by:

*Tracy Davis*

40020AF74277471...

Tracy Davis

Dated: January _____, 2016

Tiffany LaPuebla

HAMMONDLAW, P.C.

Dated: January _____, 2016

By: _____

Julian Hammond, Esq.
Attorneys for Plaintiffs

KAZEROUNI LAW GROUP, APC

Dated: January _____, 2016

By: _____

Abbas Kazerounian, Esq.
Attorneys for Plaintiffs

BERMAN DEVALERIO

Dated: January _____, 2016

By: _____

Todd Seaver
Attorneys for Plaintiffs

HYDE & SWIGART, APC

Dated: January _____, 2016

By: _____

Joshua B. Swigart, Esq.
Attorney for Plaintiffs

BIRCHBOX, INC.

Dated: January _____, 2016

By: _____

Title: CRAIG M. ABRAHO
GENERAL COUNSEL
+ CORP. SECRETARY

-15-

000017

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: January    , 2016                    Tracy Davis


Dated: January    , 2016                    *Tiffany Laprelle*

                                            Tiffany Laprelle


                                            HAMMONDLAW, P.C.

Dated: January    , 2016                    By
                                                 Julian Hammond, Esq
                                                 Attorneys for Plaintiffs


                                            KAZEROUNI LAW GROUP, APC

Dated    January    , 2016                  By:
                                                 Abbas Kazerounian, Esq.
                                                 Attorneys for Plaintiffs


                                            BERMAN DEVALERIO

Dated    January    , 2016                  By:
                                                 Todd Seaver
                                                 Attorneys for Plaintiffs


                                            HYDE & SWIGART, APC

Dated: January    , 2016                    By:
                                                 Joshua B. Swigart, Esq
                                                 Attorney for Plaintiffs


                                            BIRCHBOX, INC

Dated: January    , 2016                    By:
                                            Title:    Barry Mastrangelo
                                                      General Counsel
                                                      Corp. Secretary

- 15 -

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: January ___, 2016                    _____
                                            Tracy Davis


Dated: January ___, 2016                    _____
                                            Tiffany LaPuebla


                                            HAMMONDLAW, P.C.

Dated: January ___, 2016                    By:_____
                                                  Julian Hammond, Esq.
                                                  Attorneys for Plaintiffs


                                            KAZEROUNI LAW GROUP, APC

Dated: January ___, 2016                    By:_____
                                                  Abbas Kazerounian, Esq.
                                                  Attorneys for Plaintiffs


                                            BERMAN DEVALERIO

Dated: January ___, 2016                    By:_____
                                                  Todd Seaver
                                                  Attorneys for Plaintiffs


                                            HYDE & SWIGART, APC

Dated: January ___, 2016                    By:_____
                                                  Joshua B. Swigart, Esq.
                                                  Attorney for Plaintiffs


                                            BIRCHBOX, INC.

Dated: January ___, 2016                    By:_____
                                            Title: _____


                                   -15-

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: January ___, 2016

_____
Tracy Davis

Dated: January ___, 2016

_____
Tiffany LaPuebla

HAMMONDLAW, P.C.

Dated: January ___, 2016

By:_____
    Julian Hammond, Esq.
    Attorneys for Plaintiffs

KAZEROUNI LAW GROUP, APC

Dated: ~~January~~ February 2, 2016

By:_____
    Abbas Kazerounian, Esq.
    Attorneys for Plaintiffs

BERMAN DEVALERIO

Dated: January ___, 2016

By:_____
    Todd Seaver
    Attorneys for Plaintiffs

HYDE & SWIGART, APC

Dated: January ___, 2016

By:_____
    Joshua B. Swigart, Esq.
    Attorney for Plaintiffs

BIRCHBOX, INC.

Dated: January ___, 2016

By:_____
Title: _____

-15-

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: January ___, 2016      _____
            Tracy Davis

Dated: January ___, 2016      _____
            Tiffany LaPuebla

            HAMMONDLAW, P.C.

Dated: January ___, 2016      By:_____
               Julian Hammond, Esq.
               Attorneys for Plaintiffs

            KAZEROUNI LAW GROUP, APC

Dated: ~~January~~ February 2, 2016      By:_____
               Abbas Kazerounian, Esq.
               Attorneys for Plaintiffs

            BERMAN DEVALERIO

Dated: January ___, 2016      By:_____
               Todd Seaver
               Attorneys for Plaintiffs

            HYDE & SWIGART, APC

Dated: ~~January~~ FEB 2, 2016      By:_____
               Joshua B. Swigart, Esq.
               Attorney for Plaintiffs

            BIRCHBOX, INC.

Dated: January ___, 2016      By:_____
            Title: _____

-15-

# Exhibit A

000022

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRACY DAVIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>　　　　**Plaintiff,**<br>**v.**<br><br>**BIRCHBOX, INC.,**<br><br>　　　　**Defendant.** | **Lead Case No.:**<br>**3:15-CV-00498-BEN-BGS**<br><br>**Case Consolidated with:**<br>**3:15-CV-00214-BEN-BGS**<br><br>THIS DOCUMENT RELATES TO: ALL CASES |
| **TIFFANY LAPUEBLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>　　　　**Plaintiff,**<br>**v.**<br><br>**BIRCHBOX, INC.,**<br><br>　　　　**Defendant.** | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Date:<br>Time:<br>Hon. Roger T. Benitez |

000023

On_____, this Court heard Plaintiffs Tracy Davis and Tiffany LaPuebla (*"Plaintiffs"*) unopposed motion for preliminary approval of class settlement and provisional class certification under Federal Rule of Civil Procedure 23. This Court reviewed the motion, including the Settlement Agreement and Release ("Agreement" or"Settlement"). Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

Unless otherwise specified, defined terms in this Preliminary Approval and Provisional Class Certification Order have the same definition as the terms in the Agreement.

The Agreement falls within the range of possible approval as fair, reasonable and adequate.

The Long-Form Notice and E-Mail Notice constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Class and they comply fully with the requirements of the Federal Rule of Civil Procedure, the California and United States Constitutions, and other applicable law; and

For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable; Plaintiffs' claims are typical of the Class's claims; there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and Class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1. **Settlement Approval**. The Agreement, including the Long-Form Notice and E-Mail Notice attached to the Agreement as Exhibits B-C, is preliminarily approved.

2. **Provision of Class Notice**. Notice will be provided to Class Members of the Settlement in the manner specified under Section 3.3 of the Agreement and Defendant Birchbox, Inc. ("Birchbox") will pay all costs associated with claims administration and providing notice to Class Members.

3. **Objection to Settlement**.  Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Agreement must deliver written objections to Class Counsel and Birchbox's Counsel no later than ninety (90) calendar days from when the Court enters this Order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  Written objections must include: (a) the name and case number of the Action, "*Davis v. Birchbox, Inc.,* United States District Court, Southern District of California, Civil Action No. 3:14-cv-00498-BEN-BGS"; (b) the full name, address, email address, and telephone number of the person objecting; (c) the words "Notice of Objection" or "Formal Objection;" and (d) in clear and concise terms, the legal and factual arguments supporting the objection, including an attestation under the penalty of perjury of facts demonstrating that the person objecting is a Class Member. The objection will not be valid if it only objects to the Action's appropriateness or merits. Any Class Member that mails a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement.  However, Class Members or their attorneys intending to make an appearance at the Fairness Hearing must make an indication of such intent in their objection under a heading of "Notice of Intent to Appear."  Only Class Members who timely mail objections containing Notices of Intent to Appear may speak at the Fairness Hearing.

4. **Failure to Object to Settlement.** Class Members who fail to object to the Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Agreement; and (3) not be entitled to speak at the Fairness Hearing.

5. **Requesting Exclusion**. Class Members who want to be excluded from the Settlement must send a letter or postcard to the Settlement Administrator stating: (a) the name and case number of the Actions, "*Davis Birchbox, Inc.,* United States District Court, Southern District of California, Civil Action No. 3:14-cv-00498-BEN-BGS"; (b) the full name, address, email address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than ninety (90) calendar days from when the Court enters this Order.

6. **Provisional Certification**.   The Class is provisionally certified for settlement purposes only as a class of all persons in California who purchased a subscription that automatically renewed from Birchbox between January 1, 2011 and March 6, 2015.

7. **Appointment of Class Representative and Class Counsel**.  Plaintiffs are conditionally certified as the class representatives to implement the Parties' Settlement in accordance with the Agreement.  HammondLaw, P.C. and Kazerouni Law Group, APC are appointed as Class Counsel.  Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

8. **Termination**.  If the Agreement terminates for any reason, the following will occur:  (a) Class certification will be automatically vacated; (b) Plaintiffs will stop functioning as Class representatives; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Agreement.  This Order will not waive or otherwise impact the Parties' rights or arguments.

9. **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

10. **Stay of Dates and Deadlines.**  All proceedings in this action, including discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Agreement and this Order.

000026

11. **Fairness Hearing**. On _____ 2016, at _____, this Court will hold a Fairness Hearing to determine whether the Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiff's request for attorneys' fees and costs and for a service award must be filed no later than fourteen (14) calendar days before the deadline for Class Members to object to the Settlement. All other papers supporting final approval of the Agreement must be filed no later than seven (7) calendar days before the Fairness Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, additional notice to Class Members will not be required, but the Settlement administrator will update the Internet Posting with the new hearing date and time.

**IT IS SO ORDERED.**

Dated:_____, 2016

By: _____

     HON. ROGER T. BENITEZ
     U.S. DISTRICT JUDGE

000027

# Exhibit B

*Tracy Davis v. Birchbox, Inc.*, Lead Case No. 3:15-CV-00498-BEN-BGS; *Tiffany LaPuebla v. Birchbox, Inc.*, Case No. 3:15-CV-00214-BEN-BGS

## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:**    All persons in California who purchased a Men's or Women's subscription that automatically renewed from Birchbox between January 1, 2011 and March 6, 2015.

**IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

A settlement ("Settlement") has been proposed in a class action lawsuit pending in the United States District Court, Southern District of California captioned *Davis v. Birchbox, Inc.*, Lead Case No. 3:14-cv-00498-BEN-BGS (the "Action"). Pursuant to the Settlement, each Class Member has the opportunity to receive two $5 Birchbox credits to be used separately, equivalent to a total of $10 for Class Members who purchased a Women's Subscription, and two $10 Birchbox credits, equivalent to a total $20 for Class Members who purchased a Men's Subscription. Credits will be issued to Class Members who do not exclude themselves from the Settlement (as described below) if the Settlement receives final approval from the Court.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive any payment under the Settlement. Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against Birchbox regarding the allegations in the Action. | Deadline: |
| **OBJECT** | You may write to the parties' attorneys about why you object to (*i.e.*, do not like) the Settlement and think it should not be approved.  Submitting an objection does not exclude you from the Settlement, so if you do not exclude yourself and if the Settlement receives final approval from the Court, you will still receive Birchbox credits and will forfeit the right to bring or maintain your own lawsuit against Birchbox. | Deadline: |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiff's request for a service award for bringing the Action. You (either you personally or through a lawyer you hire) may, but are not required to, speak at the Fairness Hearing about any Objection you submitted regarding the Settlement.  If you intend to speak at the Fairness Hearing, you must indicate your intent to do so in your Objection. | Hearing Date: |
| **DO NOTHING** | You will give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims | N/A |

1

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | | |
|---|---|---|
| | in this case. You will receive a payment under the Settlement. | |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of the Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. *Please be patient*.

## BACKGROUND INFORMATION

### 1.  *What is this lawsuit about?*

Birchbox is a California-based online retailer that offers customers the opportunity to purchase cosmetics and other personal care products. Birchbox markets Men's and Women's Subscriptions that automatically renew for monthly deliveries of personal care products. Plaintiffs are former subscribers to Birchbox.

On May 14, 2015, Plaintiffs filed a consolidated complaint against Birchbox in the Southern District of California, San Diego, individually and on behalf of a California statewide putative class based on a claim that Birchbox violated the requirements of California Business and Professions Code sections 17600-17606 regarding disclosure, affirmative consent and acknowledgement of automatic renewal offer terms and cancelation rights in connection with a customer's purchase of Defendant's services, memberships, subscriptions and/or other products. Plaintiffs also assert related claims under California Business and Professions Code sections 17200 and 17535.

Birchbox denies plaintiffs' allegations, and contends that it only enrolls customers in its subscription plans with their consent.

**The issuance of this Notice is NOT an expression of the Court's opinion on the merits or the lack of merits of any of the Plaintiff's claims in the Action. This Notice also is NOT indicative that Birchbox engaged in ANY wrongdoing.**

For information about how to learn what has happened in the Action to date, please see Section 19 below.

### 2.  *Why is this a class action?*

In a class action lawsuit, one or more people called "Representative Plaintiffs" (in this Action, the Representative Plaintiffs are Tiffany LaPuebla and Tracy Davis) sue on behalf of other people who may potentially have similar claims. For purposes of this proposed Settlement, one court will resolve the issues for all Class Members, except for those people who properly exclude themselves from the Class, as explained in Section 13 below. The company sued in this case, Birchbox, is called the "Defendant."

### 3.  *Why is there a Settlement?*

The Representative Plaintiffs have made claims against Birchbox. **Birchbox denies that it has done anything wrong or violated any statute and admits no liability. The Court has NOT**

2

*Questions? Please contact the Settlement Administrator [(800) xxx-xxxx // (insert web address)]*

000030

decided that either the Representative Plaintiffs or Birchbox should win this Action. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the Class Members will receive relief now rather than years from now, if at all.

**4.    *How do I know if I am part of the Settlement?***

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement: "All persons in California who purchased a subscription that automatically renewed from Birchbox between January 1, 2011 and March 6, 2015."

**5.    *I'm still not sure if I am included.***

If you are still not sure whether you are included, you can call the Settlement Administrator at (888) xxx-xxxx for more information or review all the Settlement documents found on the Settlement Website. The Settlement Administrator website is: settlement.com.

## THE PROPOSED SETTLEMENT

**6.    *What relief does the Settlement provide to the Class Members?***

Pursuant to the Settlement, each Class Member will receive a Birchbox credit of $10 for Class Members who purchased a Women's Subscription, and $20 for Class Members who purchased a Men's Subscription. The credits will be provided in two equal amounts, to be used separately; specifically, two $5 credits for Women's Subscription Class Members and two $10 credits for Men's Subscription Class Members. These credits are good for the purchase of future products or subscriptions from Birchbox through the Birchbox.com website. These credits shall be one-use only (meaning that unused balances cannot be carried to future purchases) and are non-transferrable. Class Members will have one year from when the credits are first e-mailed within which to utilize the credit.

## HOW TO RECEIVE PAYMENT

**7.    *How can I get a payment?***

If Birchbox's computer records identify you as a Class Member, and you do not exclude yourself from the Settlement, the Settlement Administrator will automatically send you an e-mail regarding your credit. If the Court approves the Settlement, you do not need to do anything to receive your credit payment.

**8.    *When will I get the credit?***

The Court will hold a Final Approval Hearing on [    ], to decide whether to give final approval of the Settlement. Even if the Court gives final approval of the Settlement, there may be appeals. It is always uncertain when any appeals will be resolved, and resolving them can take time, perhaps more than a year. You can check on the progress of the case on the Settlement Website at www.settlement.com. Within twenty (20) days after the Final Settlement Date, the Settlement Administrator will automatically e-mail to you your credit amount. ***Please be patient.***

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF

**9.     *Do I have a lawyer in this case?***

The Court has ordered that HammondLaw, PC, Kazerouni Law Group, APC, Berman DeValerio, and Hyde & Swigart ("Class Counsel") will represent the interests of all Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**10.     *How will the lawyers be paid?***

Class Counsel will request up to $300,000 total for their attorneys' fees and costs. The Court will make the final decision as to the amounts to be paid to Class Counsel.

**11.     *Will the Representative Plaintiff receive any compensation for her efforts in bringing this Action?***

The Representative Plaintiffs will each request a service award (also known as an "incentive" award) of up to $2,500 for their services as class representatives and efforts in bringing the Action. The Court will make the final decision as to the amount to be paid to the class representatives.

## RELEASE OF ALL CLAIMS

**12.     *What am I giving up to obtain relief under the Settlement?***

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement as described in Section 13, you will be releasing your claims against Birchbox that are alleged in the Action. This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit regarding the allegations in the Action. The Settlement Agreement, available on the Internet at the website www.settlement.com, contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

**13.     *How do I exclude myself from the Settlement?***

You may exclude yourself from the Class and the Settlement. If you want to be excluded, you must send a letter or postcard stating: **(a)** the name and case number of the Actions, "*Davis v. Birchbox, Inc.,* United States District Court, Southern District of California, Civil Action No. 3:14-cv-00498-BEN-BGS"; **(b)** your full name, address, email address, and telephone number; and **(c)** a statement that you do not wish to participate in the Settlement. This letter or postcard must be postmarked no later than May 20, 2016 and sent to the Settlement Administrator at:

*Davis v. Birchbox, Inc.*
Dahl Administration
c/o Settlement Administrator Address

If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered in the Actions, and you will not be precluded from prosecuting any timely, individual claim against Birchbox based on the conduct complained of in the Actions. If you exclude yourself from the Settlement, then you may not object to the

4

Settlement.

## HOW TO OBJECT TO THE SETTLEMENT

**14.**    *How do I tell the Court that I do not like the Settlement?*

At the date, time, and location stated in Section 17 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and service awards to the Representative Plaintiffs.

If you have not submitted a timely request for exclusion and wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees and costs or the service awards, you must mail a written objection to Class Counsel and Defendant's Counsel at the addresses set forth below no later than (*i.e.,* postmarked by) May 20, 2016.

| CLASS COUNSEL | BIRCHBOX'S COUNSEL |
|---|---|
| Julian Hammond<br>Ari Cherniak<br>HAMMONDLAW, P.C.<br>1829 Reisterstown Rd. Suite 410<br>Baltimore, MD 21208<br>Telephone: (310) 601-6766<br>Facsimile: (310) 295-2385<br>jhammond@hammondlawpc.com<br>acherniak@hammondlawpc.com<br><br><br>Abbas Kazerounian<br>Mona Amini<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523<br>ak@kazlg.com<br>mona@kazlg.com | Gavin Rooney<br>LOWENSTEIN SANDLER LLP<br>1251 Avenue of the Americas<br>New York, NY 10020 |

Any written objections must state: **(a)** the name and case number of the Actions: "*Davis v. Birchbox, Inc.,* United States District Court, Southern District of California, Civil Action No. 3:14-cv-00498-BEN-BGS"; **(b)** the full name, address, email address, and telephone number of the person objecting; **(c)** the words "Notice of Objection" or "Formal Objection;" and **(d)** in clear and concise terms, the legal and factual arguments supporting the objection, including an attestation, under the penalty of perjury, of facts demonstrating that the person objecting is a Class Member. You may, but need not, mail your objection through counsel of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT**

*Questions? Please contact the Settlement Administrator [(800) xxx-xxxx // (insert web address)]*

000033

**THE FAIRNESS HEARING.**

If you mail a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement. You are not required to appear if you do not want to. If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include in your objection a statement that you (or your lawyer) want to appear and speak under the heading of "Notice of Intent to Appear."

**15.    *What is the difference between excluding myself and objecting to the Settlement?***

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

<div style="background:black;color:white;text-align:center;font-weight:bold;">FAIRNESS HEARING</div>

**16.    *What is the Fairness Hearing?***

The Court has preliminarily approved the Settlement and will hold a hearing, called the Fairness Hearing, to decide whether to give final approval to the Settlement. The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for service awards to the Representative Plaintiffs.

**17.    *When and where is the Fairness Hearing?***

On      , 2016 at 9 a.m., a hearing will be held on the fairness of the proposed Settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness from Class Members who timely submitted written objections and Notices of Intent to Appear. The hearing will take place before the Honorable Roger T. Benitez of the United States District Court, Southern District of California, located at Courtroom 5A (5th Floor - Schwartz), Suite 5135, 221 West Broadway, San Diego, CA, 92101.

The hearing may be postponed to a different date or time or location without notice. Please check www.settlement.com for any updates about the Settlement generally or the Fairness Hearing specifically. If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

**18.    *May I speak at the hearing?***

At the Fairness Hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement from Class Members who timely submitted written objections and Notices of Intent to Appear.

You may attend, but you do not have to. As described above in Section 14, you may speak at the Fairness Hearing only if you have timely mailed an objection, and included in your timely objection a statement that you (or your attorney) intend to appear and speak at the Fairness Hearing under the heading of "Notice of Intent to Appear".

If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

## GETTING MORE INFORMATION

**19.    *How do I get more information?***

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement website located at: www.settlement.com. Alternatively, you may contact the Settlement Administrator. The address of the Settlement Administrator is: *Davis v. Birchbox, Inc.,* Settlement Administrator, c/o Settlement Address.

This description of the Action is general and does not cover all of the issues and proceedings that have occurred. You may also inspect the Court files at the Clerk of the Court, United States District Court Judge, Southern District, Courtroom 5A (5th Floor - Schwartz), Suite 5135, 221 West Broadway, San Diego, CA, from 10:00 a.m. to 4:00 p.m., Monday through Friday. The Clerk will tell you how to obtain the file for inspection and copying at your own expense. If you have questions about the settlement, you may also contact Class Counsel.

**20.    *What if my address or other information has changed or changes after I Receive this Notice?***

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below:

<div align="center">

*Davis v. Birchbox, Inc.*
Dahl Administration
c/o Settlement Administrator Address

</div>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<div align="center">

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

</div>

# Exhibit C

To: <<Class Member Email Address>>
From: Settlement Administrator
Subject: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

### NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT

## You are receiving this e-mail because you may have purchased a subscription that automatically renewed from Birchbox between January 1, 2011 and March 6, 2015.

*A Federal District Court authorized this Notice. This is not a solicitation from a lawyer.*

**Why did I get this notice?** A settlement ("Settlement") has been proposed in a class action lawsuit pending in the United States District Court, Southern District of California ("Court") titled *Davis v. Birchbox, Inc.*, Lead Case No. 3:14-cv-00498-BEN-BGS ("Action"). According to available records, you may be a "Settlement Class Member." The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?** Birchbox is an online retailer that offers customers the opportunity to purchase cosmetics and other personal care products. Plaintiffs Tracy Davis and Tiffany LaPuebla bring the lawsuit individually and on behalf of a California statewide putative class based on a claim that Birchbox violated the requirements of California Business and Professions Code sections 17600-17606 regarding disclosure, affirmative consent and acknowledgement of automatic renewal offer terms and cancelation rights in connection with a customer's purchase of Defendant's services, memberships, subscriptions and/or other products. Plaintiffs also assert related claims under California Business and Professions Code sections 17200 and 17535. Birchbox denies these allegations, and contends that it only enrolls customers in its subscription plans with their consent. ***Birchbox denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.***

**What relief does the Settlement provide?** Pursuant to the Settlement, each Settlement Class Member who purchased a Woman's Subscription will receive two $5 Birchbox credits, for a total credit of $10, and each Settlement Class Member who purchased a Men's Subscription will receive two $10 credits, for a total credit of $20. The credits will be issued to Class Members who do not opt out (as described below) if the Settlement receives final approval from the Court. The Settlement website at www.settlement.com contains a complete description of the proposed Settlement.

**Court Approval of the Settlement/When the Credit Will Be Sent:** The Court will hold a "Fairness Hearing" on_____, at 9:00 a.m. to consider whether to approve the Settlement, a request by the lawyers who filed the lawsuits for up to $300,000 in fees and costs, and the Plaintiffs' request for an incentive award of $2,500 each for their services. The Credit will only be sent if the Settlement is approved. Please be patient.

**Other Options**: If you are a Settlement Class Member and don't want to be legally bound by the Settlement, you must exclude yourself by _____. If you stay in the Settlement, you may object to it (*i.e.*, state the reasons you do not like it) by_____ _____. The detailed notice explains how to exclude yourself or object. If you object, you may ask to appear at the Fairness Hearing, but you don't have to.

**More information?** For complete information about the Settlement, including the <u>Settlement Agreement</u>, <u>certain court documents</u>, and the <u>detailed notice</u> and to learn more about how to exercise your various options under the Settlement, visit <u>www.settlement.com</u>. You may also write to the Settlement Administrator at *Davis v. Birchbox, Inc.,* Settlement Administrator, c/o Address, or via email at <u>admin@settlement.com</u>.

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DAVIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>v.<br><br>BIRCHBOX, INC.,<br><br>        Defendant. | Lead Case No.:<br>3:15-CV-00498-BEN-BGS<br><br>Case Consolidated with:<br>3:15-CV-00214-BEN-BGS<br><br>THIS DOCUMENT RELATES TO: ALL CASES |
| TIFFANY LAPUEBLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>v.<br><br>BIRCHBOX, INC.,<br><br>        Defendant. | [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL<br><br>Date:<br>Time:<br>Hon. Roger T. Benitez |

1

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On _____, 2016, this Court heard Plaintiffs Tracy Davis and Tiffany LaPuebla ("Plaintiffs") unopposed motion for final approval of the class action settlement. This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Agreement" or "Settlement"); (b) all objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsels' arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1.     Unless otherwise specified, defined terms in this Final Order and Judgment have the same definition as the terms in the Agreement.

2.     The Settlement was entered into in good faith, is fair, reasonable and adequate, and satisfies the standards and applicable requirements for final approval of this class action settlement pursuant to Rule 23(e)(1)(A) of the Federal Rules of Civil Procedure.

3.     The Parties adequately performed their obligations under the Agreement.

4.     Notice was provided to Class Members in compliance with Section 3.3 of the Agreement, Federal Rules of Civil Procedure Rule 23(e)(1)(B), the United States Constitution, and any other applicable law. The notice: (i) fully and accurately informed Class Members about the lawsuit and Settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed Settlement; (iii) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date and place of the final fairness hearing.

5.     An award of $_____ in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

2

000041

6.      An incentive award to each Plaintiff of $_____ is fair and reasonable in light of: (a) Plaintiffs' risks (including financial, professional, and emotional) in commencing this action as the class representative; (b) the time and effort spent by Plaintiffs spent in litigating this action as the class representative; and (c) Plaintiffs' public interest service.

**IT IS ORDERED THAT:**

1.      **Class Members**.  For Settlement purposes, the Class Members are defined as:

> All all persons in California who purchased a subscription that automatically renewed from Birchbox, Inc. ("Birchbox") between January 1, 2011 and March 6, 2015.

2.      **Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Agreement, and binds all class members, including those who did not properly request exclusion under paragraph 6 of the Preliminary Approval and Provisional Class Certification Order.  This order does not bind persons who filed timely and valid requests for exclusion.  Attached to this Order as **Exhibit A** is a list of persons who properly requested to be excluded from the Settlement.

3.      **Release**.  Plaintiffs and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Birchbox from all claims arising out of or asserted in this Action and claims released under the Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in paragraphs 4.2 and 4.3 of the Agreement.

4.      **Class Relief**.  Birchbox, through the Settlement Administrator, will issue two $5 credits, to be used separately, equivalent to a total credit of $10 to each Class Member who subscribed to the Women's Subscription and two $10 credits, to be used separately, equivalent to a total credit of $20 to each Class Member who subscribed to

the Men's Subscription, to each pursuant to the terms and timeline set forth in Section 2.1 of the Agreement.

  5. **Attorney's Fees and Costs**. Class Counsel is awarded $_____ in fees and costs. Birchbox must pay Class Counsel this amount according to the timeline set forth in Section 2.3 of the Agreement.

  6. **Incentive Award**. Plaintiffs are each awarded $_____ as an incentive award. Birchbox must pay Plaintiffs this amount according to the timeline set forth in Section 2.4 of the Agreement.

  7. **Court's Jurisdiction**. This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out. Plaintiffs' counsel shall notify the Court when this has occurred.

  **IT IS SO ORDERED.**

Dated:_____, 2016

        By: _____

           HON. ROGER T. BENITEZ
           U.S. DISTRICT JUDGE

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

000043

# Exhibit E

| | | Quantity | Price | Total |
|---|---|---|---|---|

**Your 1st Birchbox - Monthly rebillable subscription**

**Shipping:** February 01, 2016
Remove

| | 1 | $10.00 | $10.00 |

At the start of each monthly billing cycle, your payment method will be automatically charged at the current rate until you cancel. You may cancel at any time by calling (877) 487-7272 or visiting your account page at https://www.birchbox.com/shop/customer/account/.

**Your 1st Birchbox - Yearly rebillable subscription - 1 month free!**

**Shipping:** February 01, 2016
Remove

| | 1 | $110.00 | $110.00 |

At the end of each yearly subscription term, your payment method will be automatically charged each year at the then current rate until you cancel. You may opt out of auto-renewal by calling (877) 487-7272 or sending us a message at http://info.birchbox.com any time before subscription renewal occurs.